UNITED STATES of America,
Plaintiff-Appellee,

v.

James Glenn ADCOCK,
Defendant-Appellant.

No. 84–1215.

United States Court of Appeals,
Fifth Circuit.

Jan. 7, 1985.

Kuhn, Mallios & Doyle, Robert J. Kuhn, James D. Doyle, III, Austin, Tex., for defendant-appellant.

Edward C. Prado, U.S. Atty., Carl Pierce, Sidney Powell, Asst. U.S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before GEE, POLITZ and HIGGINBOTHAM, Circuit Judges.

---

PER CURIAM:

 Adcock, convicted of cocaine possession in a bench trial, appeals on one ground: that the search warrant by means of which two pounds of the drug were discovered in his residence was issued without probable cause. We review the sufficiency of the affidavit upon the basis of which the warrant was issued by applying to it a common sense consideration of the totality of the circumstances presented by it. *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Probable cause, as applied to these circumstances, is that which warrants a man of reasonable caution in believing that there is a "practical, non-technical" probability that contraband is present on the premises to be searched; it does not demand a showing that the belief is more likely true than false. See *Texas v. Brown*, 460 U.S. 730, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502 (1982) (plurality opinion) and cases cited.

 We append the affidavit in question as an exhibit. What conclusions on the part of the issuing magistrate would this affidavit fairly support?

We conclude they are these: that Selby the cab driver, apprehended in possession of a small amount of cocaine, had delivered appellant Adcock to 603 Cutlass—a lengthy trip—without charging a money fare; that his claim not to know Adcock was false; that Selby had probably entered the premises at 603 Cutlass before he was apprehended with the drug; that 603 Cutlass was frequented by persons having connections with drug smuggling; and that Adcock himself had been arrested a few months earlier for possession of cocaine.[1]

Applying the tests that we have stated above, we conclude that the affidavit establishes probable cause for the search. Although the presence of cocaine on the premises was not shown by it to be more likely than not, it established far more than

a mere suspicion: a "practical, non-technical" probability. No more was required.

AFFIRMED.

### EXHIBIT # 1

1. On Sunday night September 11, 1983 at approximately 10:11 P.M., Village of Lakeway Police Officer, Dick Williams, stopped Roy's Taxi # 166 a 1979 Chevrolet, 4 door, bearing 1984 Texas license 694–DBE at 1400 Lakeway Drive in the Village of Lakeway. Officer Williams had observed the vehicle weaving and travelling at a high rate of speed and believed that the driver was intoxicated.

2. The driver of the taxi verbally identified himself to Officer Williams as Franz Karl Selby. However, he was unable to produce a valid Texas driver's license or any other identification so that Officer Williams could verify who he was. Due to the fact that Selby was unable to positively identify himself, Officer Williams arrested Selby and requested via his dispatcher that someone be sent to drive the taxi to the Police Department.

3. As a matter of Village of Lakeway Police Department policy, Officer Williams inventoried the vehicle prior to having it driven to the Police Department. While conducting his inventory Officer Williams found a plain white envelope in the glove compartment. Although the envelope was sealed, Officer Williams could feel that the envelope contained a powder substance. Officer Williams suspecting that the envelope contained a controlled substance, asked Selby about the envelope and Selby replied, "I don't know, its not mine. You can open it if you want to."

4. Suspecting that the envelope contained narcotics, Officer Williams opened the envelope and noted that the envelope contained a clear plastic bag which contained a white powdery substance.

---

1. The trial judge found the reference to Adcock's "lengthy criminal record," contained in paragraph 13 of the affidavit, "misleading" in view of the fact that he had prior arrests but no convictions. He therefore disregarded it, as do we.

5. Officer Williams completed his inventory of the vehicle and had Village of Lakeway Fireman, John Addison, drive the taxi to the Lakeway Police Department where the taxi was secured. Officer Williams transported Franz Selby to the Lakeway Police Department.

6. At the Village of Lakeway Police Department Officer Williams and Chief of Police, Tom Evans, conducted a field test on the white powder substance using a field test from Scott Reagent System Test G. The test reacted positive for the presence of cocaine.

7. The taxi driver, Franz Selby, advised Officer Williams that he had been flagged down at South Lamar and La Casa in Austin, Texas by two white males who requested transportation to 603 Cutlass in Village of Lakeway. Officer Williams recalled observing the taxi parked unattended in the driveway at least thirty minutes prior to the arrest of Selby.

8. Chief of Police, Tom Evans, had been aware of the residence at 603 Cutlass since at least May of 1983 and knew the residence to be rented by James Glenn Adcock, a white male, date of birth 11-30-46. Chief Evans knows that Adcock is a suspected cocaine dealer.

9. Chief Evans asked Selby again about the two men that he had transported to 603 Cutlass. Selby was very vague and could not describe the men. He advised that he had charged the men $15.00 to take them to Lakeway. However, at the time of his arrest Selby had only $16.25 in his possession even though he had been on duty since 7:00 P.M. and had transported three other fares prior to picking up the three men for a total of $12.20. Selby should have been in possession of at least $27.20 for the evenings fares.

10. Selby insisted to Chief Evans that he did not know the two men he had transported to 603 Cutlass or the occupants of 603 Cutlass. However, at the time of his arrest Selby was in possession of a list of personal telephone numbers including one marked J.A. and telephone number 261-5554. This telephone number is connected at 603 Cutlass at the residence of James Glenn Adcock. The telephone is connected in the name of Jim Hancock and has been connected in that name since James Glenn Adcock moved into 603 Cutlass.

11. Chief Evans contacted affiant because he was aware that affiant is conducting a narcotic smuggling investigation in which James Glenn Adcock's name has surfaced. As part of the narcotic smuggling investigation, affiant had subpoened the telephone tolls from telephone number 261-5554.

12. Affiant noted that another phone number on the list of personal phone numbers seized from Selby at the time of his arrest was a number 445-6973 with the name Pete written out beside the number. When affiant obtained long distance telephone records for 261-5554 affiant noted that a reference by the name of Pete Huffmann with a telephone number of 445-6973 was given. Affiant has learned that Pete Huffmann has been previously arrested for narcotic smuggling.

13. In checking the criminal background on James Glenn Adcock affiant has learned that Adcock has a lengthy criminal record including arrest for dangerous drugs and was arrested by the Austin Police Department on May 16, 1983 for possession of cocaine.

14. On Sunday September 11, 1983 at approximately 2:00 P.M. Austin Organized Crime Unit Sgt. Malcolm Mills received a telephone call from a previously reliable confidentail informant that a load of cocaine had arrived in the Lakeway area. Sgt. Mills has been conducting a narcotic investigation in the Lakeway area for approximately two months. One of the residences that has come to the attention of Sgt. Mills as a result of information is 603 Cutlass in the Village of Lake-

way, the residence of James Glenn Adcock.

15. As a result of narcotic investigations being conducted by the Village of Lakeway Police Department, the Texas Department of Public Safety Narcotics Service and the Greater Austin Area Organized Crime Control Unit the residence at 603 Cutlass has been under almost constant surveillance. Numerous vehicles have been observed coming and going from the residence which are registered to persons with prior drug arrests and convictions.

16. Wherefore affiant feels that probable cause exists to believe that the suspected cocaine found by Officer Williams was obtained from the residence at 603 Cutlass by defendant Franz Karl Selby. This belief is strengthened by the false statements made by Selby at the time of his arrest about his relationship with persons at 603 Cutlass.

17. Affiant has discussed the merits of this case with assistant U.S. Attorney Archie Carl Pierce who advised that sufficient cause exists to believe that a controlled substance, to-wit: cocaine, is concealed at the residence at 603 Cutlass.

/s/ Robert B. Nesteroff
AFFIANT Robert B. Nesteroff

SUBSCRIBED AND SWORN TO BEFORE ME by each of said Affiants whose name is signed above on this the 12 day of September, A.D., 1983.

/s/ Jim M. Wisser
MAGISTRATE Jim M. Wisser